ROY OWENS V. STATE.

No. 24931. November 29, 1950.
State's Motion for Rehearing Denied April 18, 1951.

*Grady Niblo*, Dallas, *Charles N. Avery, Jr.*, and *John J. McKay*, Austin, for appellant.

*Bob Long*, District Attorney, *Thomas D. Blackwell*, Assistant District Attorney, and *George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted by a jury for the murder of his wife and was sentenced to ten years in the penitentiary.

The evidence in this case is circumstantial. There is no direct testimony pointing to the guilt of appellant.

The deceased, a colored woman, known generally as "Tiny Barton", lived in a section of the city of Austin which, according to all the evidence in the case, was a rendezvous for gamblers and prostitutes. The evidence from a large number of witnesses covers a record of two hundred and seventy-three pages. It is a mass of conflicts on immaterial matters, so far as any issue is conceivable in the case. Nineteen bills of exception are found in the record. The only bill which we are able to appraise

is one which complains of the failure of the court to instruct a verdict for appellant.

The deceased herself was a gambler and owned a beer joint. She is said to have owned considerable property, among which was a Cadillac automobile. On the night previous to her death she had been gambling with others, and it is shown by circumstances and by appellant's testimony that she came home about two o'clock in the morning with a bowl of greens, which she ate. He says that he got money from her to pay for something else to eat and she left. He then went for his meal and returned to the house and went to bed, in a room occupied by both of them. He saw nothing unusual and knew nothing of the murder until he was awakened the next morning by parties who had discovered the body. It was found in her automobile some three and a half blocks away.

Deceased had a half-brother who lived in the house with them and, according to much evidence on the subject, she was his chief reliance for support and they often fussed about money. It is shown, too, that he was the beneficiary of her will and upon her death became the owner of her property. He was in the house when news came of the finding of Tiny's body. This was soon after daylight. Both the brother and the husband went to the scene where they were met by policemen. The brother was excited but appellant seemed calm. Both were investigated.

The indictment was dated October 13, 1949, and alleges the offense to have been committed on the 21st day of February, 1947. In the meantime the half-brother of deceased had come into possession of the property and had left the country. His whereabouts seem to have been unknown.

There is no evidence in the case of any disagreement between the appellant and his wife, unless it should be reflected by a suit filed in the District Court of Bexar County by the deceased for a divorce from appellant. While this was some time before the tragedy the facts show that they were continually living together. Appellant knew nothing of the suit. Whether or not it was authorized by the deceased does not appear in the record. The attorney who filed it was not called by the state as a witness. We see little probative force in this.

Appellant, much younger than deceased, later married his

childhood sweetheart who was also a neighbor. She had an illegitimate child. Appellant is claimed to be the father of it.

It appears that deceased was killed in her room, dragged to her car which was driven away to the place where it was later found. The evidence of the officers, however, discloses that one might enter the room and go to bed, as appellant claims to have done, without noticing the blood spots.

The foregoing summarizes in its most favorable light the state's evidence in the case bearing upon the guilt of appellant. The defendant sought to charge the brother of deceased with the murder and there is far more evidence to put him in position at the time and place of the murder than there is of appellant. This, however, seems to be unnecessary until the state in some manner connects appellant with the murder—which the record fails to do.

Because of the insufficiency of the evidence to support the conviction, the judgment of the trial court is reversed and the cause is remanded.

ON STATE'S MOTION FOR REHEARING.

MORRISON, Judge.

This court, as now constituted, has had this case under advisement cn the state's motion for rehearing for four months. We have again reviewed the entire record in an effort to evaluate the soundness of our original disposition hereof.

After mature deliberation, we remain convinced that the state has not, this being a circumstantial evidence case, excluded every other reasonable hypothesis than that of appellant's guilt.

State's motion for rehearing is overruled.